IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEMIRA P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-CV-396-KFP |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), Claimant Shemira P. filed a Complaint seeking review of the Social Security Administration's decision denying her application for disability, disability insurance benefits, and supplemental security income. Doc. 1. The Court construes Claimant's supporting brief (Doc. 9) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 12) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Docs. 10, 11.

After scrutiny of the record and the pending motions, the Court finds that Claimant's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

---

[1] On November 30, 2024, President Biden designated Carolyn W. Colvin as Acting Commissioner of Social Security following the resignation of former Commissioner Martin J. O'Malley.

I.     **STANDARD OF REVIEW**

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla" – i.e., the evidence "must do more than create a suspicion of the existence of the fact to be established," and must include "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

II.     **BACKGROUND**

At the time of the ALJ's decision, Claimant was 41 years old. R. 54. Claimant completed high school and attended college, and she had worked as a resident care aide, waitress, head cook, management trainee, and assistant manager. R. 59, 83–84, 258, 265–72.

On November 10, 2021, Claimant filed an application for a period of disability and Disability Insurance Benefits and for Supplemental Security Income, alleging disability beginning on October 16, 2021. R. 10, 96, 105–07, 232–40. The claim was initially denied on May 24, 2022, (R. 10, 126, 132), and again upon reconsideration on December 14, 2022, (R. 10, 144, 150). Upon Claimant's request, a hearing was held on June 12, 2023, where Claimant testified via telephone. R. 10, 52. A vocational expert also appeared at the hearing. R. 10. On November 28, 2023, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Claimant was not disabled. R. 10–23. Claimant's request for review was denied by the Appeals Council on May 15, 2024. R. 1–6. Claimant then initiated this action on July 9, 2024. Doc. 1. Claimant has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

### III.   THE ALJ'S DECISION

Based on a review of the record, the ALJ found that Claimant had the following severe impairments: cervical and lumbar radiculopathy; sacroiliac (SI) joint inflammation; obesity; depressive and anxiety disorders; and posttraumatic stress disorder. R. 13. The ALJ further found that claimant has the following non-severe impairments: stab wound to the right shoulder and chest, status post repair with stent graft; right subclavian artery injury; and elevated blood pressure. R. 13.

The ALJ found that Claimant had the residual functional capacity (RFC) to perform medium work, "except she is limited to unskilled work activity defied as simple, routine tasks involving no more [than] simple, short instructions and simple work-related decisions

with few workplace changes and routine supervision." R. 17. The ALJ further found that she is limited to occasional interaction with coworkers and the general public, and "work that does not involve teamwork, nor work at a fixed production rate pace." R. 17.

Based on the RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Claimant can perform, such as a packer, agricultural produce worker, upholstery cleaner, and laundry worker. R. 22. Accordingly, the ALJ determined that Claimant is not disabled.

## IV.   ISSUES ON APPEAL

On appeal, Claimant argues that "[t]he Commissioner's decision should be reversed because the ALJ erred in the persuasiveness afforded to the opinions of Gloria Sellman, M.D., despite her inability to review medical records which would seem to contradict her findings." Doc. 9 at 4.

## V.   DISCUSSION

Claimant argues that the ALJ's reliance on Dr. Sellman's opinion was "misplaced" because Dr. Sellman's opinion was outdated and did not rely on new evidence in the record. Doc. 9 at 8.

When considering medical opinions, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. § 404.1520c(a). Instead, a series of factors are weighed when the ALJ considers medical opinions and administrative medical findings, including supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c(c)(1)–(5); *Dease v. Kijakazi*,

2022 U.S. Dist. LEXIS 24810, at *7–8 (M.D. Ala. Feb. 11, 2022). "[A]lthough the Commissioner will consider opinions from medical sources on issues such as the RFC and the application of vocational factors, the final responsibility for deciding those issues is reserved to the Commissioner." *Pate v. Comm'r, SSA*, 678 F. App'x 833, 834 (11th Cir. 2017). "When making an RFC determination, an ALJ must consider the claimant's medical condition as a whole and must provide a sufficient rationale to link the evidence to his RFC determination so that a court may conduct a meaningful review of his findings." *Wimberly v. Kijakazi*, 2023 U.S. Dist. LEXIS 157252, at *6–7 (M.D. Ala. Sept. 6, 2023).

In *Brightmon*, the Eleventh Circuit reversed the ALJ's finding because the ALJ gave "great weight" to a medical consultant's assessment that "was not based on the record as a whole." *Brightmon v. SSA*, 743 F. App'x 347, 352 (11th Cir. 2018). Critical to reaching this reversal was the fact that the ALJ had chosen to rely on an outdated medical expert opinion while giving "little weight" to a new medical opinion which took into account recent changes in the claimant's status; the ALJ had essentially ignored new developments in the record. *Id.* at 350, 352–53. Notably, in *Brightmon*, there was only one expert who "expressed an opinion about what these post-December 2013 records meant for Brightmon's ability to work despite his impairments." *Id.* at 353. In reversing the ALJ decision, the Eleventh Circuit took issue with how the ALJ rejected this new expert's findings and also rejected other evidence that was consistent with that expert's findings. *Id.* at 353–54. When the ALJ reached its RFC finding, the "assessment mirrored an RFC assessment given in December 2013, before any of [the new] evidence existed," and the Eleventh Circuit ultimately concluded that this "makes it difficult to say that the ALJ

properly '[took] into account and evaluate[d] the record as a whole.'" *Id.* at 353 (second and third alterations in original) (quoting *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). Finally, the Eleventh Circuit held that "the ALJ made an impermissible medical judgment unsupported by the record" when it rejected this new expert's findings and then speculated about the reasons for why the claimant had a limited range of motion without citing to any expert testimony. *Id.*

Claimant cites to *Brightmon v. SSA* in support of her argument.² Claimant argues that the ALJ was wrong to find Dr. Sellman's opinion persuasive and asserts that the ALJ's "treatment of Dr. Sellman's opinion is inconsistent with the medical evidence of record." Doc. 9 at 5. In support of this allegation, Claimant cites to evidence in the record showing that after December of 2022, Claimant continued to experience "ongoing pain issues in her back and lower extremities," and that she presented to her doctor with pain, received pain medication, and continued receiving injections through March of 2023. Doc. 9 at 6–7. Claimant further argues that "[a]t the time of Dr. Sellman's opinion [Dr. Sellman] had no evidence to review regarding [Claimant's] cervical and lumbar radiculopathy and positive sacroiliac compression," which were not diagnosed until after Dr. Sellman's opinion was issued. Doc. 9 at 8. She further argues that the ALJ does not reconcile Claimant's positive Faber and Patrick's tests that occurred in 2023 with the ALJ's ultimate RFC determination that Claimant had medium functional capacity for work. Doc. 9 at 7–8.

---

² *Brightmon v. SSA*, 743 F. App'x 347 (11th Cir. 2018).

The ALJ's decision states that it found Dr. Sellman's opinion persuasive because Dr. Sellman's opinion

> is *generally consistent with subsequent medical evidence* that shows normal motor strength and intact sensation despite positive straight leg tests on the right and tenderness and reduced range of motion of the lumbar spine secondary to cervical and lumbar radiculopathy and positive sacroiliac compression, Faber, and Patrick's tests due to SI joint inflammation."

R. 19–20 (emphasis added). The ALJ's discussion of these later diagnoses and test results show that even if Dr. Sellman's opinion did not include discussion of these developments, the ALJ considered them in connection to the medical opinions in the record and found them "generally consistent" with what Dr. Sellman concluded. R. 18–20. Unlike the ALJ in *Brightmon* who gave "great weight" to a medical consultant's assessment that "was not based on the record as a whole," 743 F. App'x at 352, the ALJ considered Dr. Sellman's December 2022 opinion in relation to the later objective medical evidence received into the record from 2023. Claimant's argument (Doc. 9 at 8) fails to appreciate the multiple errors that the ALJ in *Brightmon* made in actively rejecting new evidence. 743 F. App'x at 352–54. Here, while the ALJ found Dr. Sellman persuasive, in doing so, it did not discount the later medical evidence introduced in the record. The ALJ recounted in detail the medical evidence in the record from the time before Dr. Sellman's opinion in 2022, through the records from doctor's visits in November 2022, February 2023, and April 2023. R. 18. After considering this medical evidence, the ALJ stated that the radiculopathy and SI joint inflammation "has remained stable with conservative treatment." R. 18. The ALJ found

that even upon considering the medical evidence from February and April of 2023, Claimant was limited to the medium exertional level. R. 18–19.

Claimant has not shown how the ALJ's treatment of Dr. Sellman's medical opinion was not supported by substantial evidence. Moreover, Claimant has not established how substantial evidence in the record did not support the ALJ's ultimate RFC finding. Claimant argues that Dr. Sellman needed to have a complete record in order to articulate her medical opinion, but she cites to no case law, statute, or regulation that supports this argument. In contrast to the argument Claimant puts forth, it is the ALJ that must determine "whether an opinion is well-supported and consistent with the record." *Bardge v. Berryhill*, 746 F. App'x 907, 909 (11th Cir. 2018) (citing 20 C.F.R. § 416.927). Claimant must show the absence of substantial evidence; this, she has not done.

For these reasons, the Court finds that the ALJ's opinion is supported by substantial evidence.

## VI.   CONCLUSION

For the reasons set forth above, the undersigned finds that the ALJ's determinations are supported by substantial evidence and that the ALJ correctly applied the law. Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 9) is DENIED;

2. The Commissioner's Motion for Summary Judgment (Doc. 12) is GRANTED; and

3. The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 8th day of January, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE